UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFIELD THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>    Defendant. | Case No. 17-cv-02864-DMR<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

Defendant Nationstar Mortgage LLC ("Nationstar") moves the court to dismiss pro se Plaintiff Bradfield Thompson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Docket No. 6.] The court held a hearing on July 27, 2017. For the following reasons, Defendant's motion is granted and Plaintiff's complaint is dismissed with leave to amend.

## I. BACKGROUND

Plaintiff brings this mortgage-related case after he defaulted on his mortgage loan and his home went into foreclosure proceedings. He makes the following allegations in his complaint, all of which are taken as true for purposes of this motion.[1] Plaintiff owns real property at 56 Patrick Way in Half Moon Bay ("the property"). Compl. ¶ 2. On March 15, 2006, Plaintiff obtained a loan from Countrywide Home Loans, Inc. for $526,400 which was secured by a deed of trust on the property. Def.'s Req. for Judicial Notice ("RJN") Ex. A (Deed of Trust).[2] A Notice of Default

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

[2] The court grants Defendant's request for judicial notice of Exhibits A, B, C, D, H, I, J, N, O, P, Q, R, and S. These exhibits are judicially noticeable because these documents are matters of public record. They are true and correct copies of official public records of the San Mateo County Recorder's Office, and their authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). While

and Election to Sell under the deed of trust was recorded against the property on March 29, 2010. RJN Ex. B (Notice of Default). On May 9, 2012, an Assignment of Deed of Trust was recorded, stating that the beneficial interest under the deed of trust on Plaintiff's property was assigned to U.S. Bank National Association, As Trustee for Harborview 2006-4 Trust Fund. RJN H. From July 2010 through February 2016, numerous notices of default, notices of rescission of declarations of default, and notices of trustees' sales were recorded against the property. RJN Exs. C, D, I, J, O, P, Q. On January 4, 2017, a final Notice of Trustee's Sale was recorded, stating a sale date of February 9, 2017. RJN Ex. R. Plaintiff filed a notice of lis pendens on the property on April 19, 2017. RJN Ex. S.

Plaintiff alleges that on February 21, 2017, he received notice of a trustee sale from Defendant. Plaintiff was in default at the time. Compl. ¶¶ 20, 21. Plaintiff alleges that Defendant is a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.s.C. § 1692, et seq. He alleges that "this complaint is not about the existence of an alleged debt or even the Defendant's right to collect," but instead, "[t]his complaint is about the Defendant's misrepresentation, and egregious actions, while attempting to collect on the alleged debt that has not yet been proven." *Id*. at ¶¶ 20, 22. Plaintiff alleges that Defendant "sent several correspondence letters to Plaintiff which state that this is an attempt to collect a debt," and that Defendant unlawfully communicated disputed credit information to third parties, including credit reporting bureaus or agencies. *Id*. at ¶¶ 49, 58-59.

Plaintiff further alleges that Defendant has violated federal and state law by "illegally foreclosing on Plaintiff's real property through non-judicial foreclosure." *Id*. at ¶ 24. According to Plaintiff, Defendant is not the owner, holder, or beneficiary of the note, but instead "describes itself as a loan servicer." *Id*. at ¶ 117.

Plaintiff brings ten claims for relief: 1) violations of numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692d, 1692e, 1692g, and 1692i; 2) violation of the Fair Credit Reporting

---

Plaintiff did not expressly object to the court's taking judicial notice of these documents, he disputes the authenticity of the documents and argues that the documents cannot substantiate the existence of a debt. Opp'n 3. The court notes that judicial notice of these records is limited to the existence of the documents, and not the truth of the matters stated in them. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Act ("FCRA"), 15 U.S.C. § 1681 et seq.; 3) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq.; 4) negligence; 5) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 et seq.; 6) intentional infliction of emotional distress; 7) time barred debt; 8) declaratory judgment/quiet title; 9) injunctive relief; and 10) wrongful foreclosure. Defendant moves to dismiss.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule

3

1 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr*. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).

## III. DISCUSSION

### A. FDCPA Claims

Plaintiff's first claim for relief alleges that Defendant is a "debt collector" under the FDCPA and that it violated multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692d, 1692e, 1692g, and 1692i. Compl. ¶ 41, 42-69.

The FDCPA, which was enacted in part to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), prohibits a "debt collector" from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt." 15 U.S.C. § 1692d. It also prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It sets forth certain disclosures debt collectors are required to make and requires debt collectors to verify disputed debts. 15 U.S.C. § 1692g. Finally, 15 U.S.C. § 1692i provides that "[a]ny debt collector who brings any legal action on a debt against any consumer" must "bring such action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). In order to state a claim under the FDCPA, "a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014) (quotation omitted).

Defendant argues that Plaintiff's FDCPA claims should be dismissed for two reasons: (1) as a loan servicer, Defendant is not a "debt collector" within the meaning of the FDCPA; and (2) even if Defendant is a debt collector, performing a non-judicial foreclosure is not "debt collection"

4

as defined by the FDCPA.

A "debt collector" includes a person who: (1) uses interstate commerce or the mail in any business the principal purpose of which is debt collection; (2) "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"; or (3) is "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Plaintiff alleges that Defendant "does not claim to be a holder of the Note or a beneficiary" but instead "describes itself as a loan servicer." Compl. ¶ 117. Numerous courts within the Ninth Circuit have held that a loan servicer is not a debt collector under the FDCPA. *See, e.g., Pratap*, 63 F. Supp. 3d at 1113; *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010). However, 15 U.S.C. § 1692a provides that the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person [or] . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(ii) & (iii); *see Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). Some courts, relying on 15 U.S.C. § 1692a(6)(F), have held that a loan servicer may fall within the definition of a debt collector if it begins servicing the loan after the borrower defaulted. *See, e.g., Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1211 (N.D. Cal. 2012); *Naranjo v. SBMC Mortg.*, No. 11-CV-2229-L WVG, 2012 WL 3030370, at *5 (S.D. Cal. July 24, 2012) (holding "a loan servicer is not a debt collector if it acquired the loan before the borrower was in default.").

Here, neither the allegations in the complaint nor judicially noticeable documents indicate when Defendant became the loan servicer and more specifically, whether it became the loan servicer before or after Plaintiff defaulted on the loan. Accordingly, dismissal of the FDCPA claim on the ground that Defendant is not a debt collector is not appropriate. However, Plaintiff's FDCPA claim must be dismissed for another reason: Plaintiff has failed to allege any facts

5

sufficient to show a violation of the FDCPA. The only specific conduct Plaintiff alleges in the complaint is his receipt of a notice of trustee's sale on or about February 21, 2017 (although it is not clear that Defendant sent this notice to Plaintiff). Compl. ¶ 20. "The FDCPA imposes liability only when an entity is attempting to collect debt." *Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 571 (9th Cir. 2016). Since "the word 'debt' is synonymous with 'money,'" a debt collector "would only be liable [under the FDCPA] if it attempted to collect money from [the borrower]." *Id.* "The object of a non-judicial foreclosure is to take and resell the security, not to collect money from the borrower. . . . [t]hus, actions taken to facilitate non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt'" under the FDCPA. *Id.*; *see also id.* at 574 ("giving notice of a foreclosure sale to a consumer as required by the [California] Civil Code does not constitute debt collection under the FDCPA."). Accordingly, to the extent that this claim is based upon Defendant's sending Plaintiff a notice of trustee's sale, the conduct does not fall within the FDCPA.

Plaintiff appears to allege additional wrongdoing on Defendant's part, including harassing conduct, failure to validate the alleged debt, and sending "several correspondence letters," but provides no specifics about Defendant's conduct and in some instances, merely recites the specific conduct prohibited by the FDCPA. *See* Compl. ¶¶ 42-43, 46-47, 49, 57-62. This is insufficient to plead that Defendant violated the FDCPA. Accordingly, this claim is dismissed with leave to amend to plead specific conduct committed by Defendant that Plaintiff asserts violated the FDCPA.

### B. FCRA Claim

Plaintiff's second claim for relief is for violation of the FCRA. Plaintiff alleges upon information and belief that Defendant "communicated credit information to . . . credit reporting bureaus or agencies, with respect to Plaintiff, which it knew or should have known to be false – including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt to Defendants and/or that Defendants are the original creditor of said debt." Compl. ¶ 58. He further alleges that "Defendant obtained Plaintiff's consumer credit report and made an inquiry on his report," and obtained the credit

6

report "by misrepresenting to the credit bureaus that they had a right to run Plaintiff's credit." *Id*. at ¶ 71. Although it is not entirely clear, Plaintiff appears to allege violations of 15 U.S.C. §§ 1681s-2(b), 1681b, and 1681q.

Congress enacted the FCRA in 1970 to regulate credit reporting agencies ("CRAs") and furnishers of information to CRAs in order to ensure fair and accurate credit reporting. *See* 15 U.S.C. § 1681. Section 1681s-2(a) of the FCRA outlines the duties of furnishers of consumer information to maintain and report accurate information and notice of disputes. 15 U.S.C. § 1681s-2(a)(1)-(3). 15 U.S.C. § 1681s-2(b) imposes four duties on furnishers once they have received notice of a dispute from a CRA: (1) conduct an investigation, (2) review all relevant information received from CRA, (3) report any inaccuracies found, (4) modify or delete any incorrect information. 15 U.S.C. § 1681s-2(b)(1)(A)-(E). This subsection is privately enforceable but the duties within it are "triggered only after the consumer notifies the CRA, and the CRA then notifies the furnisher of credit." *Nelson v. Equifax Info. Servs.,* LLC, 522 F. Supp. 2d 1222, 1231 (C.D. Cal. 2007) (citing *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)). "[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under [§ 1681s-2(b)]." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). Assuming a CRA does notify the furnisher of a dispute, a "plaintiff filing suit under section 1681i must make a 'prima facie showing'" that the report in dispute was inaccurate. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (citing *Dennis v. BEH-1, LLC*, 520 F3d 1066, 1069 (9th Cir. 2008)). Then the plaintiff must show that the defendant's investigation procedures were not reasonable. *See Gorman*, 584 F.3d at 1157.

Here, Plaintiff has failed to state a claim under section 1681s-2(b). Plaintiff does not allege that he notified a CRA of a dispute, that a CRA in turn, notified Defendant of the dispute, or that Defendant failed to undertake a reasonable investigation. *See Peasley v. Verizon Wireless (VAW) LLC*, 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005) (dismissing section 1681s-2(b) claim where the plaintiff alleged that he notified a credit furnisher, and not a CRA, about a credit dispute). Additionally, although Plaintiff generally alleges that Defendant reported inaccurate information to a CRA, (Compl. ¶ 58), he does not identify what information Defendant reported

7

and how it was inaccurate.

As to Plaintiff's claim under sections 1681b and 1681q, section 1681b outlines the circumstances under which a CRA may furnish a consumer report, such as with the consumer's consent or in connection with a firm offer of credit or insurance. 15 U.S.C. § 1681b(c). Section 1681q creates criminal liability for "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." Defendant does not address this claim in its motion. It appears that this claim is based on the allegation that "Defendant obtained Plaintiff's consumer credit report and made an inquiry on his report" by "misrepresenting to the credit bureaus that they had a right to run Plaintiff's credit." Compl. ¶ 71. These allegations are entirely conclusory. Plaintiff does not specify when Defendant obtained his credit report, when it made an inquiry, or how his credit report reflected Defendant's inquiry. Further, he does not plead any facts that would allow the court to infer that Defendant actually made an improper inquiry. Accordingly, Plaintiff's FCRA claim is dismissed with leave to amend.

### C. RFDCPA Claim

Plaintiff's third claim is for violation of the RFDCPA. "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael,* 681 F.3d 1097, 1100 (9th Cir. 2012). "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Id*. (citing Cal. Civ. Code § 1788.17). "[W]hether [conduct] violates the Rosenthal Act turns on whether it violates the FDCPA." *Id*. Thus, "[t]he Rosenthal Act establishes liability under California law for violations of the FDCPA." *Sial v. Unifund CCR Partner*, No. 08 CV 0905 JM (CAB), 2008 WL 4079281, at *4 (S.D. Cal. Aug. 28, 2008).

Plaintiff's Rosenthal Act claim is based on underlying violations of the FDCPA. Compl. ¶ 83. However, as discussed above, Plaintiff has failed to state a claim for violation of the FDCPA. Moreover, courts in this district have held that unless the claim arises from activities "beyond the scope of the ordinary foreclosure process," the Rosenthal Act does not apply to foreclosure proceedings. *See Reyes v. Wells Fargo Bank, N.A.,* No. C-10-01667 JCS, 2011 WL 30759, at *19

(N.D. Cal. Jan. 3, 2011); *Collins v. Power Default Servs., Inc.*, No. 09-4838 SC, 2010 WL 234902, at *3 (N.D. Cal. Jan.14, 2010) ("the law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the [Rosenthal Act]" (citations omitted)). Here, Plaintiff's Rosenthal Act claim does not appear to allege conduct beyond the ordinary foreclosure process. Accordingly, the claim is dismissed with leave to amend.

### D. Wrongful Foreclosure

Courts have power to vacate a foreclosure sale where there has been "fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011). The elements of a wrongful foreclosure claim are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Id*.

Plaintiff's wrongful foreclosure claim alleges that Defendant "does not have standing to enforce the Note because [it] is not the owner of the Note, [it] is not a holder of the Note, and [it] is not a beneficiary under the Note" and that "if Defendant can prove it is a servicer, Defendant cannot foreclose on Plaintiff's property without authorization from the Lender under the terms of the Deed of Trust." Compl. ¶ 117. Plaintiff further alleges that Defendant cannot foreclose because it "cannot produce an original Note," does not own the loan and cannot identify the owner of the loan. *Id*. at ¶ 118. However, Plaintiff has not alleged that a foreclosure sale has occurred, which is a prerequisite for a wrongful foreclosure claim. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) ("A lender or foreclosure trustee may only be liable to the mortgagor or trustor for wrongful foreclosure if the property was fraudulently or illegally sold under a power of sale contained in a mortgage or deed of trust. Here, there is no dispute that a foreclosure sale did not take place. Accordingly, the Court finds that [the wrongful

9

foreclosure] cause of action is premature.") (citing *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970)). *But see Nguyen v. JP Morgan Chase Bank N.A.*, No. 12-CV-04183 PSG, 2013 WL 2146606, at *4 (N.D. Cal. May 15, 2013) ("If the foreclosure is indeed wrongful, it seems artificial and counter to the rules of equity to require Plaintiffs to wait for the inevitable to take place—the sale of their property—before bringing suit . . . As the complaint prays for an injunction based on allegedly wrongful foreclosure, the court finds it appropriate to examine the merits of the wrongful foreclosure claim, even though no sale has yet taken place."). At the hearing, Plaintiff confirmed that no foreclosure sale has taken place. Accordingly, Plaintiff's wrongful foreclosure claim is dismissed with leave to amend.

### E. Negligence

Plaintiff's claim for negligence is based upon Plaintiff's wrongful foreclosure claim as well as his FCRA claim that Defendant failed to "conduct a reasonable investigation and correction of false information in response to Plaintiff's credit reporting dispute." Compl. ¶¶ 87, 88. Given that Plaintiff has failed to state claims for wrongful foreclosure or violation of the FCRA, his negligence claim is dismissed with leave to amend.

### F. CCRAA Claim

Plaintiff claims that Defendant violated California Civil Code section 1785.25(a), which prohibits a person from "furnish[ing] information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Plaintiff alleges that Defendant violated this provision of the CCRAA, but the complaint contains no factual allegations to support this claim. Instead, Plaintiff simply recites the statutory language of Section 1785.25(a)-(c) and (f). The claim is thus insufficient, as it is devoid of facts regarding Defendant's conduct, including what information it furnished, to whom, when, and how it was inaccurate. It is dismissed with leave to amend.

### G. Intentional Infliction of Emotional Distress

"To recover for intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate

causation of the emotional distress." *McDaniel v. Gile*, 230 Cal. App. 3d 363, 372 (1991). Courts have emphasized that extreme and outrageous conduct is conduct that "go[es] beyond all possible [bounds] of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1608 (2009) (quotation omitted).

Plaintiff's allegations supporting his claim for intentional infliction of emotional distress of are minimal and conclusory. He alleges that Defendant's "acts and/or omissions were done intentionally and/or with gross indifference to Plaintiff's rights," and describes the symptoms of his emotional distress. Compl. ¶¶ 95, 96. It appears that Plaintiff's claim is based on Defendant's "attempt[] to take Plaintiff's property through foreclosure when they [sic] have no legal right to do so." *Id*. at ¶ 96. Given that there is no basis for Plaintiff's wrongful foreclosure claim as pleaded, his intentional infliction of emotional distress claim is dismissed with leave to amend.

### H.     Time Barred Debt

Plaintiff's seventh claim is titled "time barred debt." Plaintiff alleges that it "has recently come to [his] attention that this is a time barred alleged debt" and that 15 U.S.C. § 1692i "requires that this alleged debt only be adjudicated through judicial proceedings." Compl. ¶ 98. The basis for this claim is not clear. Section 1692i describes the requirements for a debt collector who brings a legal action on a debt against a consumer. It does not appear to apply to this action. Accordingly, Plaintiff's seventh claim is dismissed with leave to amend.

### I.     Declaratory Judgment/Quiet Title

Plaintiff also asserts a claim for declaratory judgment/quiet title. "The purpose of a quiet title action 'is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to.'" *Martinez v. America's Wholesale Lender*, No. 09-cv-5630 WHA, 2010 WL 934617 at *5 (N.D. Cal. Mar. 15, 2010) (quoting *Peterson v. Gibbs,* 147 Cal. 1, 5 (1905)), *rev'd in part on other grounds,* 446 Fed.Appx. 940. To bring a claim to quiet title, plaintiffs must show they "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust." *Kelley v. Mortgage Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).

11

"[I]t is well-settled in California that 'a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.'" *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) (quoting *Shimpones v. Stickney,* 219 Cal. 637, 649 (1934)).

Plaintiff's allegations contradict his assertion that he is the rightful owner of the property, as he admits that he is in default. *See* Compl. ¶ 20. This fact is fatal to his claim. *See Tamburri v. Suntrust Mortg., Inc.*, No. 11-cv-2899 EMC, 2011 WL 6294472, at *15 (N.D.Cal. Dec. 15, 2011) ("The problem with Plaintiff's [quiet title] argument is that, even if the proper party did not initiate foreclosure, Plaintiff does not allege that she is the rightful owner as she admits that she is in default."). Accordingly, this claim is dismissed with prejudice.

### J.     Injunctive Relief

Finally, Plaintiff asserts a claim for injunctive relief. He seeks to enjoin Defendant's "threatened conduct," including its threats to Plaintiff's "quiet enjoyment and use of [his] real property." Compl. ¶¶ 110-111. This claim fails at the outset because "declaratory and injunctive relief are not causes of action; rather, they are remedies." *Rosenfeld*, 732 F. Supp. 2d at 975 (dismissing declaratory judgment and injunctive relief causes of action but permitting plaintiff to replead those remedies in the prayer for relief section because plaintiff might be able to "recover on these theories if he is able to show the existence of the elements necessary to plead his remaining claims that would entitle him to such relief"). *See also Benefield v. Bryco Funding, Inc.*, No. 14-cv-1459 PJH, 2014 WL 2604363, at *7 (N.D. Cal. June 10, 2014) (dismissing injunctive relief claim with prejudice because "injunctive relief is a remedy, not an independent cause of action"). In addition, even when considered as a remedy rather than a cause of action, Plaintiff's request for injunctive relief is insufficiently stated, as Plaintiff does not specify what the "threatened conduct" he seeks to enjoin is, i.e., whether the conduct relates to any alleged debt collection activities, Plaintiff's consumer credit reports, or the foreclosure process. Plaintiff's injunctive relief claim is therefore dismissed, but with leave to amend the prayer for relief to indicate that he seeks injunctive relief.

## IV.     CONCLUSION

Defendant's motion to dismiss is granted. Plaintiff's claims for declaratory judgment/quiet

title and injunctive relief are dismissed with prejudice, although Plaintiff may amend his prayer for relief to state his request for injunctive relief. The remaining claims are dismissed with leave to amend. Any amended complaint must be filed with 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: July 31, 2017

_____
DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFIELD THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>    Defendant. | Case No. 4:17-cv-02864-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 31, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bradfield Thompson
63 Bovet Road #416
San Mateo, CA 94402

Dated: July 31, 2017

                          Susan Y. Soong
                          Clerk, United States District Court

                          By:_____
                          Ivy Lerma Garcia, Deputy Clerk to the
                          Honorable DONNA M. RYU